UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICO MENEFEE,

    Plaintiff,                                 CASE NO. 04-CV-10155-BC

v.                                          DISTRICT JUDGE DAVID M. LAWSON
                                              MAGISTRATE JUDGE CHARLES BINDER
VALLIER HAMMOND and
DR. PIPER,

    Defendants.
_____/

**MAGISTRATE JUDGE'S SUPPLEMENTAL
REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. § 1915A(b)(1)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that this case be *sua sponte* **DISMISSED WITHOUT PREJUDICE** for failure to demonstrate exhaustion of administrative remedies.[1]

**II.    REPORT**

    **A.    Introduction**

On August 24, 2004, after screening this *pro se* prisoner civil rights lawsuit pursuant to 28 U.S.C. § 1915A, a Report and Recommendation was issued recommending that the case be *sua sponte* dismissed for failure to demonstrate exhaustion of administrative remedies. *See* 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a

---

[1] In the event that this Report and Recommendation is adopted, the following pending motion will be moot: Plaintiff's Motion to Stay Withdrawal of Payments from Prisoner's Account (Dkt. 13).

prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Plaintiff Menefee filed objections and additional grievance documentation on September 3, 2005, and the matter was recommitted to the undersigned Magistrate Judge for consideration of the new materials on May 4, 2005. (Dkt. 12.) The Court has reviewed the additional materials submitted by the prisoner-plaintiff, and finds that they fail to meet the Sixth Circuit's requirement for demonstrating exhaustion. Accordingly, I again recommend *sua sponte* dismissal of the case pursuant to 42 U.S.C. § 1997e(a).

### B. Discussion

To satisfy the exhaustion requirement, a prisoner must "plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and outcome." *Knuckles-El v. Tombs*, 215 F.3d 640, 642 (6th Cir. 2000). Furthermore, "[f]or a court to find that a prisoner has administratively exhausted a claim against an individual defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003). There are two defendants remaining in this lawsuit: Valorie Hammond, the Health Care Unit Manager at Southern Michigan Correctional Facility in Jackson, Michigan (JMF); and Dr. Piper, a physician at Ryan Correctional Facility in Detroit, Michigan.

### 1. Plaintiff Has Failed to Demonstrate Exhaustion of Administrative Remedies Regarding His Claims Against Defendant Hammond

#### a. The Complaint & Attachments

Plaintiff states in his complaint that he was incarcerated at JMF from March 24, 2002, to April 2003. He claims that during that time, he tried to "receive immediate medical treatment from

Jackson Prison JMF Healthcare Unit Manager Hammond, but it was to no avail." (Compl., Pre-printed Form at 4.) More specifically, Plaintiff states that Defendant Hammond is "solely responsible" for seeing that all medical tests and items ordered by doctors are received by prisoners, and that she failed to make sure that he receive the special shoes, new eyeglasses with tinted lenses, and other items and/or specialized tests which he claims were ordered by various doctors. (Compl., Attached Typed Pages of Factual Allegations at 5-6.)

Plaintiff attached over one hundred pages of exhibits to his complaint, many of which are MDOC grievance documents. Defendant Hammond was mentioned by Plaintiff only once in these grievance documents. On October 28, 2003, Plaintiff submitted a Step I grievance against "Mike at health care" wherein he stated, "For the last several months or so Mike at health care was contacted on several different occasions concerning my health care appointments[.] [H]e was contacted by Vallery, nurses, and doctors, but it was to no avail, he still refuses to make the appointments for my medical needs." (Grievance No. JMF-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-028B, attached to compl.) Presumably, "Vallery" refers to Defendant Valorie Hammond. Clearly, however, this was not a grievance *against* Defendant Hammond which would put the MDOC on notice of Plaintiff's claims against her. To the contrary, the grievance casts Defendant Hammond in a favorable light as someone trying to assist Plaintiff with his medical needs. Thus, regardless of whether this grievance was appealed through Step III of the process, I suggest it is of no assistance in Plaintiff's endeavor to meet the exhaustion requirement.

Defendant Hammond's name appears three other times in the grievance documents attached to the complaint. On all three occasions, Defendant Hammond signed Plaintiff's Step I grievance responses as the "reviewer" of the responses provided by the "respondent." (Grievance Nos. JMF-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-12D3; JMF-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-12A3; JMF-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-12E3.) Defendant Hammond's

3

act of reviewing Plaintiff's grievances, however, does not subject her to liability for a civil rights violation, *see Miller v. Bock*, 55 Fed. Appx. 310, 311-12 (6th Cir. 2003) ("A combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983"), and the fact that her name appears on these grievances does not, I suggest, demonstrate exhaustion with regard to any claims brought against her in this action.

Accordingly, although Plaintiff generally averred in the complaint that he exhausted his administrative remedies by submitting hundreds of grievances regarding his medical care, I suggested in the first Report and Recommendation that his failure to either specifically describe a Step I grievance against Defendant Hammond or to attach a Step I grievance document wherein she was named required *sua sponte* dismissal pursuant to 42 U.S.C. § 1997e(a). Furthermore, I noted that Plaintiff's assertion that the MDOC failed to respond to several of his grievances was irrelevant because, even if a prisoner receives no response to a Step I grievance or Step II appeal, he may not abandon the process, but must continue on through the final stage of a Step III appeal in order to satisfy the exhaustion requirement. *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("Even if plaintiff did file an initial grievance against [defendants], he was required to continue to the next step in the grievance process within the time frame set forth in the regulations if no response is received from prison officials or if the prisoner is not satisfied with the response."); *Poor v. Grayson*, 46 Fed. Appx. 825, 827 (6th Cir. 2002).

### b. Documents Submitted After the August 2004 Report & Recommendation

Plaintiff filed objections on September 3, 2004, and attached additional grievance documents.[2] (Dkt. 7.) None of these grievances were against Defendant Hammond. The only document bearing Defendant Hammond's name is another Step I grievance from April 2003 that was merely reviewed and signed by her in her supervisory capacity. (Grievance No. JMF-03-04-00847-12Z1.) As discussed above, the presence of her signature does not serve to demonstrate that Plaintiff exhausted his administrative remedies with regard to the civil rights claims brought against her in this case. Accordingly, I renew my suggestion that Plaintiff has failed to meet the exhaustion requirement with regard to Defendant Hammond.

### 2. Plaintiff Has Failed to Demonstrate Exhaustion of Administrative Remedies Regarding His Claims Against Defendant Piper

### a. The Complaint & Attachments

Plaintiff's complaint alleges that he was transferred to the Ryan Correctional Facility (RRF) on March 13, 2004, where Dr. Piper was the physician. Plaintiff claims that on April 12, 2004, Dr. Piper refused to order a "cat-scan to locate the ringing sounds in my ears with the constant head pains, unless I was in a car accident, or if I had a TMJ problem." (Typed pages of compl. at 6.) Plaintiff further contends that when he told Dr. Piper about his need for special shoes, the pain in his knees, the problems with his intestines, and his rectal bleeding, Dr. Piper "showed no compassion or concern at all" and then told Plaintiff that he would not do anything about these

---

[2] Plaintiff also filed supplemental materials on December 9, 2004 (Dkt. 9), and February 3, 2005. (Dkt. 10.) There were no grievance documents attached to either of these filings. It appears that Plaintiff also forwarded documents directly to the District Court's chambers on October 5, 2004, and February 14, 2005. These documents were stamped "received," but were never placed on the Court's docket or returned to the plaintiff as improperly submitted. Thus, they were in the "office file" that was returned to the chambers of this judicial officer when the case was recommitted for further review on May 4, 2005. Nevertheless, although there were grievance documents included among these papers, the grievance documents all post-dated the filing of this lawsuit, and therefore are irrelevant for purposes of determining whether Plaintiff has met the exhaustion requirement. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

5

problems because any relief he might order would just be denied by the regional medical director. (*Id.* at 7.)

Plaintiff attached to his complaint copies of four Step I grievances he submitted against Dr. Piper on April 12, 2004. He did not attach any documentation demonstrating that these grievances were appealed through Steps II or III as required, and therefore I suggested in the first Report and Recommendation that Plaintiff had failed to demonstrate exhaustion of his claims against Dr. Piper.

### b.   Documents Submitted After the August 2004 Report & Recommendation

Plaintiff attached to his objections the Step I responses, Step II appeals, and Step II responses to the four grievances submitted against Dr. Piper on April 12, 2004. The Step II appeals were all submitted by Plaintiff in May 2004, and the Step II responses are all dated June 9, 2004. No Step III documentation is provided.

The Sixth Circuit has explicitly held that a prisoner "may not exhaust administrative remedies during the pendency of the federal suit." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). *See also Tribe v. Harvey*, 2000 WL 1679468, at *2 (6th Cir. Nov. 1, 2000) ("exhaustion must occur prior to filing suit, not while the suit is pending") (unpublished). This case was filed on May 24, 2004, prior to the issuance of the Step II responses. Thus, not only do these documents not demonstrate that Plaintiff complied with the exhaustion requirement, but they conclusively prove that Plaintiff did not exhaust his administrative remedies with regard to his claims against Dr. Piper prior to filing suit. Accordingly, I renew my suggestion that the claims against Dr. Piper are subject to *sua sponte* dismissal for failure to meet the PLRA's "mandatory threshold requirement in prisoner litigation." *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).

6

### 3. Conclusion

Accordingly, because Plaintiff has failed to satisfy the exhaustion requirement with regard to any claim remaining in this action, I again suggest that the case is subject to *sua sponte* dismissal without prejudice for failure to demonstrate exhaustion of administrative remedies as required by 42 U.S.C. § 1997e(a).

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

    s/ *Charles E Binder*
CHARLES E. BINDER
Dated: May 24, 2005    United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that this Supplemental Report and Recommendation was electronically filed this date, and served in the traditional manner on Rico Menefee and Honorable David M. Lawson.


Dated: May 24, 2005                      By     s/Mary E. Dobbick
                                                                      Secretary to Magistrate Judge Binder