UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICO MENEFEE,

          Plaintiff,          Civil No. 04-CV-10155 -BC

v.                                   Hon. David M. Lawson
                                   Magistrate Judge Charles E. Binder

VALLIER HAMMOND and DR. PIPER,

          Defendants.
_____/

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION,
DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE**

This case had been referred to Magistrate Judge Charles E. Binder for general case management. The matter is now before the Court on the Report and Recommendation and Supplemental Report and Recommendation of the magistrate judge that the plaintiff's complaint be dismissed *sua sponte* without prejudice for failure to exhaust administrative remedies. The plaintiff has filed objections to the Report and Recommendation. After reviewing the Report and Recommendation *de novo* and the plaintiff's objections thereto, the Court agrees with the finding of the Magistrate Judge that the plaintiff has failed to exhaust his administrative remedies, and that this case must be dismissed *sua sponte* without prejudice.

I.

The plaintiff, Rico Menefee, is currently incarcerated under the authority of the Michigan Department of Corrections ("MDOC") at the Lakeland Correctional Facility in Coldwater, Michigan. The plaintiff filed this *pro se* prisoner civil rights complaint under 42 U.S.C. § 1983 on June 29, 2004 in the Western District of Michigan. That court transferred the case to the Eastern District of Michigan on June 29, 2004 because the events giving rise to the plaintiff's action occurred in Jackson and Wayne Counties, within the Eastern District's boundaries. *See* 28 U.S.C.

§ 102(a). The complaint alleges that while incarcerated at the Southern Michigan Correctional Facility in Jackson, Michigan (JMF) and the Ryan Correctional Facility in Detroit, Michigan, he requested "immediate medical treatment from Jackson Prison JMF Healthcare Unit Manager Hammond, but it was to no avail." Compl. at 4. The plaintiff asserts that the defendant Hammond violated his Eighth Amendment rights by failing to make sure that he received special shoes, new eyeglasses with tinted lenses, and other items and that he receive specialized testing for his medical problems. After transfer to the Ryan Correctional Facility, the plaintiff informed the defendant Dr. Piper of his medical concerns but allegedly was again refused treatment.

II.

The Magistrate Judge concluded that the prisoner plaintiff had failed to exhaust his administrative remedies under the Prisoner Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a). Current federal law states that before any prisoner may file a civil rights suit challenging prison conditions, he must exhaust all internal administrative remedies. *See* 42 U.S.C. § 1997e(a). A prisoner's failure to demonstrate exhaustion of internal remedies is grounds for automatic dismissal. *See Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). The internal administrative procedures must be followed even if they do not offer the precise relief that the prisoner seeks. *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002). To demonstrate exhaustion of his administrative remedies, "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Failure to provide this affirmative showing of exhaustion justifies dismissal of the plaintiff's complaint. *See Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001) (affirming

dismissal of prisoner-plaintiff's claims for failure to attach proof of exhaustion to his complaint, even though it appeared that the prisoner had in fact exhausted his administrative remedies). It is well established in the Sixth Circuit that "a prisoner may not amend his complaint to cure the failure to plead the exhaustion of administrative remedies, if his action is covered by the PLRA," which means that allegations of exhaustion in briefs filed after the complaint will not suffice to demonstrate exhaustion. *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002). A prisoner cannot abandon the grievance process before completion and then claim to have exhausted administrative remedies. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). The Sixth Circuit has also held that "dismissal under § 1997e should be without prejudice." *Boyd v. Corrections Corp. of America*, 380 F.3d 989, 994 (6th Cir. 2004).

The Magistrate Judge correctly explained that the MDOC has a multi-step grievance process in place. Each step has a time limit that can be waived with good cause, including a transfer to a different facility. First, within two business days, the prisoner must attempt verbally to resolve the dispute with those involved. If that fails, the inmate then must submit a Step I grievance within five days. The prison staff is required to respond within fifteen days. If the inmate is dissatisfied with the response, he may request a Step II appeal form within five days, and then has five additional days to submit it. If an inmate is dissatisfied with the result at Step II, he has ten business days to appeal to Step III, which concludes the grievance process. *See generally* MDOC Policy Directive 03.02.130.

The plaintiff has attached a number of grievance forms to the complaint and his responses to the magistrate judge's report and recommendation and supplemental recommendation. The magistrate judge properly determined that none of these grievances were directed against Hammond. In addition, the magistrate judge properly determined that the plaintiff did not appeal the decisions

-3-

of his step I grievances against Dr. Piper prior to the filing of his complaint, for there is no evidence of step II or step III grievances against the doctor attached to the complaint. Therefore, the plaintiff did not demonstrate he exhausted administrative remedies related to claims against either defendant in the original complaint. Moreover, much of the documentation and some specific descriptions of the plaintiff's attempts to file grievances were submitted in filings subsequent to the original complaint. The Sixth Circuit has held that a prisoner cannot bolster his original complaint with amendments and supplements to meet the exhaustion requirement. *Baxter v. Rose*, 305 F.3d at 488. The plaintiff has not properly demonstrated he exhausted administrative remedies.

The plaintiff claims that he demonstrated exhaustion due to the number of grievances filed and complaints filed with the department of justice, the state police, "the ombudsman," and other "agencies within the United States." Pl.'s Objections at 2. Grievance submissions unrelated to the claims before the Court do not demonstrate exhaustion because they do not demonstrate that the defendant has had an opportunity to consider and address the allegations made by the plaintiff. Complaints submitted to agencies that do not provide administrative remedies for the prisoner fail to show that the plaintiff has pursued internal administrative avenues of the Michigan Department of Corrections as required.

According to the plaintiff, the grievance process is defective because it fails to provide speedy medical treatment, taking weeks, months, or years to complete. He argues he should not be expected to exhaust because he is afflicted with Diabetes, high-blood pressure, high cholesterol, glaucoma, and other conditions "that should have been treated many months ago." Pl.'s Objections at 2. Prisoners are required to exhaust prison condition claims related to the denial of medical treatment. *See Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998) (requiring the plaintiff to

exhaust claims of "denial of medical treatment"). The plaintiff has not alleged any medical condition that persuades the Court an exception to the exhaustion requirement is necessary.

The plaintiff argues that he has exhausted his remedies after the state chose not to decide his grievances. In his objections, the plaintiff contends that he is still waiting for decisions on step III grievances or has not received them due to his repeated transfers to different correctional facilities. The plaintiff relies on *Thomas v. Woolum*, 337 F.3d 720 (6th Cir. 2003) in which the court found that plaintiff had exhausted administrative remedies where the prisoner's grievance was denied because it was filed out of time. He also relies on authority holding that a plaintiff could file suit in district court after an agency declines to address an administrative claim. *See Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 761 (1979) ("Individuals should not be penalized if States decline, for whatever reason, to take advantage of these opportunities."); *E.E.O.C. v. Commercial Office products*, 486 U.S. 107 (1988) (plaintiff could filed suit in district court after an agency waived an exclusive statutory 60-day period for initial processing of discrimination claim). Nevertheless, it is well established that the Sixth Circuit "requires present[ation] of [the prisoner's] grievance through one complete round of the prison [grievance] process." *Thomas*, 337 F.3d at 733. Here, the complaint did not demonstrate or specifically allege the filing of any grievances related to the claims asserted that completed one complete round of the process. He failed to name Hammond in any of the step I grievances submitted. In addition, the plaintiff's claim is meritless as to Dr. Piper. In *Thomas*, the plaintiff demonstrated that a grievance was submitted and appealed. The defendant denied the grievance appeal as filed too late, informing the defendant that "[t]his Office will take no further action in regard to your complaint at this time." *Id*. at 724. Here, exhaustion has not been demonstrated because the complaint lacks any attached evidence that step II or step III grievances were filed against the doctor or that the defendant would not give grievances against the doctor any

further consideration. The defendant has not decided to deny the plaintiff's grievances as in *Thomas* or had an opportunity to deny the grievances because the grievances have not been properly presented.

Last, the plaintiff contends that he should be excused from completing the exhaustion process because the Michigan Department of Corrections failed to comply with its grievance policy by not providing timely responses to his grievances. The argument lacks merit. The failure of the defendant to timely respond to a grievance does not allow the plaintiff to abandon the grievance process. *See Hartsfield*, 199 F.3d at 309 (finding the plaintiff should have re-filed the grievance or provided documentation of the prior filing in order to exhaust administrative remedies after the defendant lost the plaintiff's original grievance).

The plaintiff has not demonstrated complete exhaustion as required under section 1997e. As a result, the Magistrate Judge's *sua sponte* determination that the plaintiff had failed to exhaust his administrative remedies under the PLRA was correct and will be adopted.

### III.

The plaintiff has made requests which become moot with the dismissal of the complaint. On May 13, 2005, the plaintiff filed a motion to "Stay Withdrawal of Payments from the Prisoner's Account." On May 27, 2005, the plaintiff filed a motion for an "Immediate Injunction for Medical Treatment." In addition, the plaintiff requests in his objections to the supplemental report and recommendation that the magistrate judge disqualify himself. The Court shall dismiss the two motions as moot.

On June 24, 2005, the plaintiff filed an amended complaint. The Federal Rules of Civil Procedure allow the plaintiff to amend the complaint before the defendant files a responsive pleading "once as a matter of course." Fed. R. Civ. P. 15. Nonetheless, the Court will strike the

amended complaint under the rule established in *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002) that prohibits prisoner from amending the complaint in order to demonstrate exhaustion.

Accordingly, it is **ORDERED** that the Magistrate Judge's Report and Recommendation is **ADOPTED**.

It is further **ORDERED** that the plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

It is further **ORDERED** that the plaintiff's Motion to Stay Withdrawal of Payments from the Prisoner's Account [dkt # 13] is **DENIED** as moot.

It is further **ORDERED** that the plaintiff's Motion for Immediate Injunction for Medical Treatment [dkt # 15] is **DENIED** as moot.

It is further **ORDERED** that the plaintiff's amended complaint [dkt # 17] is **STRICKEN**.

s/David M. Lawson
DAVID M. LAWSON
Dated: July 1, 2005                                United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 1, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS